UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMAL RASHAD CRAWFORD,                                                    Plaintiff,

v.                                                      Civil Action No. 3:17-cv-P535-DJH

MARK BOLTON *et al.*,                                                   Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Jamal Rashad Crawford, a pretrial detainee incarcerated in the Louisville Metro Department of Corrections (LMDC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the action.

### I. SUMMARY OF CLAIMS

Plaintiff brings this action against LMDC Director Mark Bolton and Kitchen Supervisor Ed Wesson in their official capacities. In the complaint, Plaintiff claims that on June 10, 2017, he "found a maggot in the pears amongst the food tray that [he] was served to eat." He asserts that Defendant Wesson, who is employed by Defendant Bolton, "had the opportunity to make sure that the maggot problem never existed for [Plaintiff]." Plaintiff claims, "There have been previous complaints of maggots found in the food. Maggots have made their presence known through out the kitchen that they've arrived within the canned pears." Plaintiff contends that Defendant Wesson's awareness "of the maggots and how they arrive makes it hard for me to understand why I've found it in my food when they the (Pears) should've been removed from the menu long ago." Plaintiff alleges cruel and unusual punishment and negligence. As relief,

Plaintiff seeks monetary and punitive damages, an injunction allowing him to clean the kitchen, and for his "Non Support Debt [to be] at a zero Balance."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that

2

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

#### A. *42 U.S.C. § 1983*

Plaintiff was not a convicted prisoner at the time of the events alleged; he was a pretrial detainee. As such, the Eighth Amendment's proscription against cruel and unusual punishment does not apply to him. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). However, "[t]he Due Process Clause of the Fourteenth Amendment extends the protection of the Eighth Amendment to pretrial detainees such as Plaintiff." *Harrell v. Grainger Cty., Tenn.*, 391 F. App'x 519, 522 (6th Cir. 2010). Plaintiff's claim, therefore, will proceed under the Fourteenth Amendment but be analyzed like an Eighth Amendment claim. *See Bass v. Strode*, No. 1:12CV-P182-R, 2012 WL 5834123, at *2 (W.D. Ky. Nov. 16, 2012).

An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). A prison's conditions of confinement are sufficiently grave if they fall beneath "the minimal civilized measure of life's necessities" as measured by a "contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official inflicting such conditions acts with a sufficiently culpable state of mind if he does so with "deliberate indifference." *Wilson*, 501 U.S. at 303.

To state a constitutional violation for unsanitary food preparation, a prisoner must do more than allege a single or isolated incident of contamination. *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985). "The fact that the [prison] food occasionally contains foreign

3

objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *Smith v. Younger*, No. 95-5482, 1999 WL 623355, at *2 (6th Cir. Aug. 9, 1999) (affirming district court's dismissal of plaintiff's Eighth Amendment claim based on the presence of a worm in her peanut butter); *see also Chavis v. Fairman*, 51 F.3d 275 (7th Cir. 1995) (holding that occasional service of spoiled food cannot be said to deprive inmates of basic nutritional needs); *Fant v. Jones*, No. CV 14-3574-SJO (SP), 2015 WL 6688268, at *3 (C.D. Cal. Sept. 14, 2015) (finding no Eighth Amendment claim where the plaintiff alleged that on three occasions over a two-year period he was served meals with insects either in his food or on his tray); *Wiley v. Dep't of Corr.*, No. 11-97-HRW, 2012 WL 5878678, at *8 (E.D. Ky. Nov. 21, 2012) (holding that one incident of discovering a dead rat in soup was not actionable); *Bennett v. Misner*, No. 02-1662-HA, 2004 WL 2091473, at *20-21 (D. Or. Sept. 17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation"), *aff'd*, 180 F. App'x 732 (9th Cir. 2006).

While Plaintiff alleges that there had been previous complaints of maggots in food, he alleges only a single incident when his food contained maggots. He does not allege that his food is regularly infested with maggots, and he does not allege any harm. Therefore, the allegations do not rise to the level of a constitutional violation, and the § 1983 claim will be dismissed.

### B. *State-Law Claim*

In addition to alleging a federal constitutional violation under § 1983, Plaintiff alleges a state-law negligence claim. Under 28 U.S.C. § 1367(c)(3), however, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." Having determined that the federal

claim over which this Court has jurisdiction should be dismissed, this Court declines to exercise supplemental jurisdiction over the remaining state-law claim. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Consequently, the state-law claim will be dismissed without prejudice.

    For the foregoing reasons, the instant action will be dismissed by separate Order.

Date: January 25, 2018

**David J. Hale, Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
      Defendants
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4415.005